UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NILA CAMARENA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 16-01745-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 15, 2016, Maria Nila Camarena ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on December 1, 2016. On February 24, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 59-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on August 29, 2012, alleging disability beginning April 29, 2010. (AR 33.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 29, 2010, the alleged onset date. (AR 35.)

Plaintiff's claims were denied initially on April 18, 2013 and on reconsideration on October 17, 2013. (AR 33.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mark B. Greenberg on January 6, 2015, in Moreno Valley, California. (AR 33.) Plaintiff appeared and testified at the hearing and was represented by counsel with a Spanish interpreter appearing as well. (AR 33.) Vocational expert ("VE") Mary E. Jesko also appeared and testified at the hearing. (AR 33.)

The ALJ issued an unfavorable decision on January 21, 2015. (AR 33-43.) The Appeals Council denied review on June 13, 2016. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly determined that Maria Camarena could perform her past relevant work.

2. Whether the ALJ propounded a complete hypothetical to the vocational expert.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

3

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 29, 2010, the alleged onset date. (AR 35.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: history of total knee arthroplasty; diabetes mellitus; degenerative disc disease of the lumbar spine; hypertension; degenerative joint disease of the knee; obesity; and asthma. (AR 35.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 36.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that the Claimant can only occasionally perform postural activities and she can have no concentrated exposure to cold, lung irritants, or hazards. (AR 36-42.) In determining the above RFC, the ALJ made an adverse credibility determination which Plaintiff does not challenge here. (AR 37-38.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a home attendant and fitting room attendant. (AR 42-43.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 43.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's finding that Plaintiff can perform her past relevant work as a fitting room attendant and a home attendant is supported by substantial evidence. The ALJ's hypothetical question to the VE whether someone with Plaintiff's RFC and vocational profile could perform those jobs was not incomplete.

I.   **THE ALJ'S PRW FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

   A.   **Relevant Federal Law**

A claimant has the burden of proving that he or she no longer can perform past relevant work ("PRW"). Pinto, 249 F.3d at 844. The ALJ, however, has a duty to make the requisite factual findings to support his conclusion on PRW. Id. This is done by examining a claimant's RFC and the physical and mental demands of the claimant's PRW. Id. at 844-45. Social Security regulations advise the ALJ to consider first whether the individual still can do PRW as he or she actually performed it because individual jobs within a category may not entail all of the requirements of a job in that category set forth in the Dictionary of Occupational Titles ("DOT"). SSR 96-8p; Pinto, 249 F.3d at 845. The claimant is an important source of information about his or her PRW. SSR 82-41; Pinto, 249 F.3d at 845. Other sources of

5

information that may be consulted include vocational expert ("VE") testimony and the DOT. 20 C.F.R. § 404.1560 (b)(2) and § 416.960 (b)(2); SSR 82-61.

The ALJ then can proceed to determine whether a claimant can perform his or her PRW as generally performed. Id. Typically, the best source of how a job is generally performed in the national economy is the DOT. Id. An ALJ may accept vocational expert testimony that varies from the DOT, but the record must contain "persuasive evidence to support the deviation." Id. at 846 (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DOT. SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or the DOT. SSR 00-4p; Massachi, 486 F.3d at 1153. Failure to do so, however, can be harmless error where there is no conflict or the VE provides sufficient support to justify variation from the DOT. Massachi, 486 F.3d at 1154 n.19.

An ALJ may rely on a VE's response to a hypothetical question containing all of a claimant's limitations found credible by the ALJ and supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005.) The VE's testimony is substantial evidence. A VE's recognized expertise provides the necessary foundation for his or her testimony. Bayliss, 427 F.3d at 1218. No additional foundation is required. Id.

**B.     Analysis**

Plaintiff alleges she cannot work due to knee pain, asthma, and diabetes. (AR 37.) The ALJ did find that Plaintiff has the medically determinable impairments of history of total knee arthroplasty, diabetes, degenerative disc disease of the lumbar spine, hypertension, degenerative disease of the knee, obesity, and asthma. (AR 35.) Nonetheless, the ALJ assessed a light work RFC with occasional postural activities and no exposure to cold, lung irritants, or hazards. (AR 36.) The medical evidence indicated Plaintiff could walk without a cane or assistive device. (AR 37, 38, 44.) She takes medications for her asthma and diabetes and does not appear to have asthma attacks due to the medications. (AR 37.) There is no evidence of atrophy in the spine, and Plaintiff is unlikely to need surgery. (AR 37, 39.) She has

6

good control of her blood pressure. (AR 40.) Her treatment has been routine and conservative (AR 37, 38) and she is able to grocery shop, perform household chores and do her own personal care. (AR 37.) The ALJ found that Plaintiff's alleged subjective symptoms are not supported by the objective medical evidence or the record as a whole. (AR 37, 38, 42.) Plaintiff does not challenge the ALJ's RFC or adverse credibility finding.

Plaintiff, however, does challenge the ALJ's determination that Plaintiff can perform her past relevant work of fitting room attendant as generally performed in the regional or national economy, or her past relevant work of home attendant as actually performed. (AR 42-43.) Plaintiff's contention lacks merit.

At the hearing, the VE identified as PRW the occupations of home attendant (DOT 354.377-014) and fitting room attendant (DOT 299.677-010) from Plaintiff's work history, specifically mentioning Exhibit 4E (AR 234-245). The ALJ determined that these jobs were performed at the level of substantial gainful activity. (AR 42.) Plaintiff suggests that she did not sign the work history and proffers the opinion that the signature is not hers, arguing therefore that the ALJ did not obtain adequate information about the requirements for these jobs. Plaintiff, however, is not a handwriting expert nor does she dispute that she performed these jobs. (AR 52-53.) Information about these jobs also is contained in Exhibit 2E (AR 217-219) and the duration of these jobs is confirmed in the SSA earnings history. (AR 211-213.) This evidence was sufficient for the VE and the ALJ to make their PRW findings. Plaintiff, moreover, bears the burden of proof at step four of the sequential process. Pinto, 249 F.3d at 844. Plaintiff did not carry her burden to demonstrate that the job information was insufficient or inaccurate or that she cannot perform the two jobs identified as PRW by the VE.

        1.     <u>Home attendant</u>

As to the home attendant job, Plaintiff's work history indicates she performed this job from October 2002 to September 2005. (AR 234.) The VE described the home attendant job as medium as per the DOT (354.377-014), but light as actually performed. (AR 63, 64, 42.) Plaintiff contends that this job did not meet the earnings requirements for substantial gainful activity ("SGA") for any year from 2000 to 2005 except for 2005. (AR 211-213.) The year

2005, however, is sufficient for Plaintiff's work as a home attendant to qualify as past work experience. Social Security regulations provide that work experience done in the last 15 years and that was substantial gainful activity qualifies as PRW. 20 C.F.R. § 404.1565(a). The primary consideration in determining SGA is earnings derived from work. 20 C.F.R. § 404.1574(a)(1). Here, Plaintiff earned $11,306.48 in 2005 as a home attendant. (AR 211-213.) Her average monthly earnings in 2005 were $906, well above the $830 per month that constitutes SGA for the calendar year 2005 as established by the SSA. See www.ssa.gov/OACT/COLA/sga; see also 20 C.F.R. § 1574(b)(2).

The fact that Plaintiff did not meet SGA earning level in 2002-2004 is not consequential. Social Security regulations provide that, if SGA levels change, then earnings are to be averaged separately for each period in which a different SGA threshold applies. 20 C.F.R. § 1574(a)(b). Here, for the 2005 period, Plaintiff met the SGA earnings level. The fact that she met the SGA earnings level for only nine months in 2005 also is not consequential to the analysis. Work lasting more than 6 months is considered a successful work attempt. 20 C.F.R. § 404.1574(c)(5); see SSR 84-25. Plaintiff has not presented any regulation or case authority that work lasting more than six months for one period cannot constitute SGA, even if Plaintiff would not satisfy SGA earnings levels for other periods. Plaintiff also does not suggest that she stopped working as a home attendant because of her impairment. Indeed, she began work full-time in September 2006 as a fitting room attendant. (AR 234.)

Plaintiff next argues that, because she performed the home attendant job for only five hours a day (AR 65), she could not reach the SGA level and did so only because she could take care of two individuals in 2005. (AR 212.) Again, these facts are not dispositive or consequential. Part-time work can qualify as PRW if the SGA earnings levels are met. 20 C.F.R. § 404.1572(a) and (b). Also, Plaintiff cared for two individuals, enabling her to meet the SGA earnings level for more than 6 months in 2005. This was a sufficient period of time for Plaintiff's work to qualify as PRW, as discussed above.

The ALJ's finding that Plaintiff's home attendant job met the SGA earnings level (AR 42) is supported by substantial evidence.

### 2. Fitting Room Attendant

As to the fitting room attendant occupation, Plaintiff's work history indicates she performed this job from September 2005 to September 2007. (AR 234.) The VE described the fitting room attendant job as light as generally performed but medium as actually performed. (AR 42. 63.) Plaintiff contends that she lacks the language ability to perform the fitting room attendant job as generally performed in the national economy. The DOT (299.677-010) specifies Language Level 2 and thus, argues Plaintiff, there is an unexplained deviation from the DOT. The Court disagrees.

Plaintiff, on questioning by the ALJ, indicates she could speak, read and write in English "[a] little." (AR 51-52.) The ALJ indicated that the VE was present to hear the Claimant's testimony. (AR 42.) The VE and the ALJ were aware from the record that Plaintiff had performed the fitting room job for two years with her current level of language proficiency. The VE and ALJ were also aware that the home attendant occupation has a DOT Language Level 2 requirement (354.377-010) but Plaintiff was able to perform that job for four years. Thus, when the ALJ asked the VE whether someone with Plaintiff's vocational profile and RFC could perform her past work as a fitting room attendant, the VE replied in the affirmative. (AR 65.) The VE's testimony is substantial evidence. The ALJ, moreover, discounted Plaintiff's credibility. (AR 37-38, 42.) Even if the VE and ALJ can be said to have erred, the ALJ's finding regarding the home attendant job as PRW would remain. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

### C. The ALJ'S Hypothetical Question To The VE Was Not Incomplete

Plaintiff's final contention is that the ALJ's hypothetical question was incomplete or deficient because it failed to indicate that Plaintiff's eighth grade education was in Mexico. The Court disagrees.

At the hearing, the ALJ posed the following hypothetical question:

9

> . . . assume an individual of the same age, and education as the claimant which is advanced age, <u>eighth grade</u>, past relevant work experience in the two positions just described . . . is past work available?

(AR 65.) (Emphasis added.)

As already noted, the ALJ questioned Plaintiff at the hearing about her education background and language proficiency. (AR 51-52.) She had indicated in disability reports that she had completed eighth grade. (AR 227.) Plaintiff told the ALJ her education was not in the United States. (AR 51.) The ALJ specifically noted that the VE was present to hear Claimant's testimony. (AR 42.) The VE also was aware from the record she reviewed that Plaintiff had worked successfully as a home attendant and fitting room attendant for the years 2000 to 2007 with her eighth grade education and language proficiency. The Court does not understand how adding the location of her education would add anything under these circumstances. Plaintiff cites no authority that an ALJ is required to include the location of a claimant's education in a hypothetical to the VE, much less in a circumstance where Plaintiff has successful, prior work experience in two jobs that qualify as PRW. Any error in not including the location of Plaintiff's education in the hypothetical to the VE was harmless. <u>Stout</u>, <u>supra</u>.

\* \* \*

The ALJ's PRW finding is supported by substantial evidence. The ALJ's hypothetical question to the VE was not incomplete or deficient.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 27, 2017        /s/ John E. McDermott
                             JOHN E. MCDERMOTT
                             UNITED STATES MAGISTRATE JUDGE